Walt PARKER, dba Lindon Disposal Service, Plaintiff and Appellant,

v.

PROVO CITY CORPORATION, a Municipal Corporation, Defendant and Respondent.

No. 14087.

Supreme Court of Utah.

Dec. 11, 1975.

Leon A. Halgren, Ryberg, McCoy & Halgren, Salt Lake City, for plaintiff and appellant.

Glen J. Ellis, Provo, for defendant and respondent.

MAUGHAN, Justice:

Plaintiff Parker is in the business of collecting and hauling waste material from private premises of customers within the corporate limits of Provo City. No objection is made to plaintiff's license, equipment, or qualifications as a collector of such. Defendant City took steps to prevent plaintiff from engaging in this business within the corporate limits, claiming that under its ordinance it had power to do so. Plaintiff filed suit under the Declaratory Judgment Act and the trial court held that defendant had no such power. Whereupon, defendant amended its ordinance, a second hearing was had, and the trial court held that under the amended ordinance defendant had the power to prohibit others from engaging in the business of hauling waste matter, commercially or for hire. From that judgment plaintiff appeals. We reverse.

The ordinance applicable to the first hearing (18.04.220, Rev.Ord. of Provo City) reads:

It shall be unlawful for any person, firm, or corporation, other than the waste removal department of Provo City, to collect, remove or dispose of garbage in Provo City on a commercial basis or for hire.

That same section of the amended ordinance reads:

It shall be unlawful for any person, firm, or corporation, other than the waste removal department of Provo City, to collect, remove, or dispose of garbage, or waste matter, within the limits of Provo City on a commercial basis or for hire.

The waste material involved here is shown to be corrugated cardboard, saw-

dust, lumber scraps, plastic wrappings, packing material of various natures, paper, tin cans, bottles, some paint and varnish containers and general rubbish. Nowhere in the record do we find that this waste is garbage, kitchen refuse, or a by-product which may be deemed deleterious to the public health. The definition section of the subject ordinance makes a definite distinction between garbage and waste.

A municipality has only such powers as are expressly granted it by the legislature, such as may be necessarily implied and incident to those expressly granted, and those indispensable to the accomplishment of the declared objects and purposes of the municipality; but where any fair, reasonable, substantial doubt exists, such doubt is resolved against the municipality.[1]

Defendant, if it has the claimed power, takes it from the provisions of 10–8–61, U.C.A.1953,[2] expressly, or by implication, or because it is indispensable to the attainment of its purposes and objectives. Obviously, there is no express grant, nor can it be fairly implied; and certainly it is not indispensable to the purposes and objects of defendant.

The emergency clause of the amended ordinance declared the amendment necessary to protect the public health, safety, welfare, and well-being. While municipalities have express grants to do what this emergency clause says, the clause itself does not cure the defect of the ordinance. The defect is: An ordinance enacted in furtherance of such objectives must bear a reasonable relation to its purposes.

Here, a muted claim is made that this is a health measure. However, the record discloses more concern for the convenience and economics of the waste disposal department than for the promotion of the public health. Indeed, there is no showing that the material collected or the method of hauling is, in any way, detrimental to the public health.

By its prohibition of a legitimate endeavor, which is not shown to bear a reasonable relation to the public health, defendant cannot, under its power to protect the public health, invade a private property right.

Defendant has exceeded its power and the subject amendment is void.

HENRIOD, C. J., and CROCKETT and TUCKETT, JJ., concur.

ELLETT, J., concurs in the result.

1. *Salt Lake City v. Revene*, 101 Utah 504, 124 P.2d 537 (1942).

2. They may make regulations to secure the general health of the city, prevent the introduction of contagious, infectious or malignant diseases into the city, and make quarantine laws and enforce the same within the corporate limits and within twelve miles thereof. They may create a board of health and prescribe the powers and duties of the same. They shall not, however, by any ordinance, contract, rule or regulation, prevent or seek to prevent any person from transporting through the streets or public thoroughfares garbage, kitchen refuse or the by-products of the business of such person or from selling or otherwise disposing of the same, except under such uniform and reasonable regulations as the board of commissioners or city council may by ordinance prescribe for the removal, hauling and disposal of the same, and they shall not grant to any person the exclusive right to collect or transport through the streets or public thoroughfares any garbage, kitchen refuse or by-products, but they may prescribe, by ordinance, that any garbage, kitchen refuse or by-product which may be deemed deleterious to the public health may be taken by the city and burned or otherwise destroyed by it.